**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **AKOUVI ADJESSOM, individually, and on behalf of minor children J.Y.A. AND J.S.A., SOKEDE AZOGBA, CHRISTINE ADJESSOM, AND JENICE ADJESSOM,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF MOBILE, NICHOLAS CREPEAU, KENNETH GILLESPIE, BLAKE TILLMAN, STEVEN GUIDRY, CHRISTIAN BRYANT, JONATHAN MYERS, BRIAN RIVERS, DARYL GIPSON, PHILIP MORRIS, STEVEN LASTER, OLIVER SIMPSON, SCOTT HANK, BRANDY BATTISTE, and ALEXANDRA WHITT,**<br><br>**Defendants.** | **CASE NO. 1:25-cv-00455-MU** |
| **AKOUVI ADJESSOM, individual and as Administratrix of the ESTATE OF RANDALL ADJESSOM, deceased,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF MOBILE, *et al.*,**<br><br>**Defendants.** | **CASE NO. 1:24-cv-00472-TFM-B** |

**DEFENDANTS' JOINT MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY AND TO STAY DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 42(a) and Civil L.R. 42, Defendants City of Mobile (the "City"), Nicholas Crepeau ("Crepeau"), Kenneth Gillespie ("Gillespie,")[1], Blake

[1] Crepeau and Gillespie will be collectively referred to as the "Homicide Unit Defendants."

Tillman ("Tillman"), Steven Guidry ("Guidry"), Christian Bryant ("Bryan"), Jonathan Myers ("Myers"), Brian Rivers ("Rivers"), Daryl Gipson ("Gipson"), Philip Morris ("Morris"), Steven Laster ("Laster"), Oliver Simpson ("Simpson"), Scott Hanks ("Hanks")[2], Brandy Battiste ("Battiste"), and Alexandra Whitt ("Whitt")[3] (collectively, the "City Defendants"), by and through undersigned counsel, jointly move the Court to consolidate this action (*Akouvi Adjessom, individually, and on behalf of minor children J.YA. and J.S.A., Sokede Azogba, Christine Adjessom, and Jenice Adjessom v. City of Mobile, et al.*, Civil Action No. 1:25-cv-00455, "*Adjessom 2*"), for purposes of discovery only, with *Akouvi Adjessom, as Administratrix of the Estate of Randall Adjessom, Deceased v. City of Mobile, et al.,* Civil Action No. 1:24-CV-00472-TFM-B ("*Adjessom 1*"),[4] which was filed on December 18, 2024, and is pending in this Court. The City Defendants also move this Honorable Court to stay the City Defendants' Rule 26 discovery obligations set forth by Federal Rule of Civil Procedure 26 and the entry of a Rule 16 scheduling order, pending a ruling on the motion to dismiss filed by the Individual Defendants[5] in *Adjessom 1* based, in part, on qualified immunity. In support of this Motion to Consolidate and Motion to Stay Discovery, the City Defendants state the following:

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Adjessom 1* – Civil Case No.: 1:24-cv-00472-TFM-B

---

[2] Officers Tillman, Guidry, Bryant, Myers, Rivers, Gipson, Morris, Laster, Simpson, and Hanks will collectively be referred to as the "SWAT Unit Defendants."

[3] Battiste and Whitt will be collectively referred to as the "Police Department Employee Defendants."

[4] For ease of reference, the City Defendants refer to *Akouvi Adjessom, as Administratrix of the Estate of Randall Adjessom, Deceased v. City of Mobile, et al.,* Civil Action No. 1:24-CV-00472-TFM-B as "*Adjessom 1*" because it was filed first in time.

[5] The SWAT Unit Defendants in *Adjessom 2* are among the named Individual Defendants who filed a motion to dismiss in *Adjessom 1* on immunity grounds.

1. On December 18, 2024, Plaintiff Akouvi Adjessom filed her Section 1983 complaint against the City and unknown City officers for claims arising out the death of her minor son, Randall Adjessom, that occurred during the execution of a search warrant on or about November 13, 2023. (Doc. 1.) Plaintiff has since amended her complaint two times, substituting the names of the individual officers she alleges caused constitutional violations.[6] (*See* Docs. 17, 73.) The operative complaint in *Adjessom 1* is Plaintiff's Second Amended Complaint, which was filed July 18, 2025. (Doc. 73.)

2. Plaintiff's Second Amended Complaint in *Adjessom 1* alleges the defendants violated the Fourth and Fourteenth Amendment by using excessive force in shooting her son during the execution of a search warrant, by failing to intervene to prevent Officer Martinez from shooting her son, by being deliberately indifferent to her son's serious medical needs after he was shot, by exhibiting excessive force in detaining her in the residence following the shooting, and by falsely imprisoning her by transporting her to the police precinct against her will. (Doc. 73.) Plaintiff also brought a *Monell* claim against the City and two state law wrongful death claims against the City for vicarious liability and for direct liability. (Doc. 73.)

3. In sum, the claims in Plaintiff's Second Amended Complaint concern not just the alleged unlawful shooting of Randall Adjessom during the execution of the search warrant, but also subsumes the alleged unlawful detention of Plaintiff in the residence following the shooting, her alleged unlawful transportation to the police station for further questioning, and the City's

---

[6] Plaintiff's Second Amended Complaint alleges twenty-three Mobile Police Department officers are liable for constitutional violations arising out of the November 13, 2023 search warrant and shooting death of her son. Those officers include Defendants Osviel Vigoa-Martinez, Scott Hanks, Robert Davis, Daryl Gipson, Kyle Carag, Josh Evans, Steven Laster, Jonathan Myers, Blake Tillman, Steven Guidry, Brian Rivers, Christian Bryant, Jordan Soto, Oliver Simpson, Philip Morris, Elizabeth Lowry, Charles DeGeer, Gerald Ripple, David Reyes, Jalon Robinson, Clinton Law, Charles Hunter, and Caitlyn Williams.

alleged unconstitutional policies surrounding the execution of the subject search warrant on November 13, 2023.

4. On June 30, 2025, the parties in *Adjessom 1* filed their Report of the Parties Planning Meeting. (Doc. 58.) Therein, the Individual Defendants[7] objected to participating in discovery until their forthcoming immunity-based motion to dismiss was decided. (*Id.*) This position is consistent with a long line of case law finding that parties are not required to participate in discovery until the court has ruled on immunity defenses. *See e.g.*, *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th. Cir. 2017).

5. Also on June 30, 2025, the Individual Defendants moved the Court to stay their Rule 26 discovery obligations and the entry of a Scheduling Order until their pending motion to dismiss was decided. (Doc. 59.)

6. On July 3, 2025, the City filed its Motion to Stay *Monell* Discovery. (Doc. 63.) In short, the City argued that *Monell* discovery should be stayed unless or until Plaintiff can establish an underlying constitutional violation by the officers. (Doc. 63 at ¶ 6.)

7. On August 1, 2025, twenty-two of the twenty-three[8] individual police officer defendants filed a motion to dismiss the Second Amended Complaint based on qualified immunity and state-agent immunity.[9] (Docs. 78-79.)

[7] The Individual Defendants refer to Defendants Scott Hanks, Robert Davis, Daryl Gipson, Kyle Carag, Josh Evans, Steven Laster, Jonathan Myers, Blake Tillman, Steven Guidry, Brian Rivers, Christian Bryant, Jordan Soto, Oliver Simpson, Philip Morris, Elizabeth Lowry, Charles DeGeer, Gerald Ripple, David Reyes, Jalon Robinson, Clinton Law, Charles Hunter, and Caitlyn Williams.

[8] Officer Osviel Vigoa-Martinez answered Plaintiff's Second Amended Complaint. (Doc. 81.)

[9] As background, the Individual Defendants moved to dismiss Plaintiff's First Amended Complaint as well. (Docs. 66-67.) Plaintiff filed her Second Amended Complaint (doc. 73) shortly thereafter.

8. On October 17, 2025, Magistrate Judge Bivins granted the Individual Defendants' Motion to Stay Rule 26 Discovery and the Entry of a Rule 16 Scheduling Order. (Doc. 98 at p. 1.) In that same Order, the Court deferred ruling on the City's motion to stay *Monell* discovery until the Individual Defendants' Motion to Dismiss (Doc. 78) is resolved. (Doc. 98 at p. 5.)

9. To date, the Individual Defendants' motion to dismiss remains pending.

**B. *Adjessom 2***

10. On November 11, 2025, Plaintiffs Akouvi Adjessom, individually, and on behalf of her minor children J.Y.A. and J.S.A., Sokede Azogba, Christine Adjessom, and Jenice Adjessom filed a lawsuit against the City, the Homicide Unit Defendants, the SWAT Unit Defendants,[10] and the Police Department Employee Defendants for violations of their constitutional rights. (Doc. 1.) More specifically, Plaintiffs brought a *Monell* liability claim against the City for unconstitutional policies surrounding the alleged unlawful detention, transportation, and questioning of Plaintiffs following the shooting of Randall Adjessom on November 13, 2023. (*Id.* at ¶¶ 151-165.) The claims against the SWAT Unit Defendants are predicated upon their alleged excessive force in detaining Plaintiffs in the residence against their will following the shooting. (*Id.* at ¶¶ 166-182.) The claims against the Homicide Unit Defendants and Police Department Employee Defendants are premised upon their role in allegedly detaining Plaintiffs in the residence following the shooting and transporting them to the police station for further questioning against their will. (*Id.* at ¶¶ 183-210.)

[10] The SWAT Unit Defendants are comprised of Officers Tillman, Guidry, Bryant, Myers, Rivers, Gipson, Morris, Laster, Simpson, and Hanks – 10 of the 22 officers who filed an immunity-based motion to dismiss in *Adjessom 1*.

11. In short, the claims in *Adjessom 2* center around the alleged unlawful detention of Plaintiffs after the shooting of Randall Adjessom and the alleged unlawful transportation to the police station and questioning take took place there.

12. At bottom, the allegations in both *Adjessom 1* and *Adjessom 2* arise out of alleged unconstitutional City policies leading up, during, and after the execution of subject search warrant, the alleged unconstitutional conduct of the police officers in executing the search warrant and rendering aid to Randall Adjessom after he was shot, the alleged unconstitutional detention of all the Plaintiffs in the residence, the alleged unconstitutional transport of all the Plaintiffs to the police station for further questioning about the subject shooting, and the alleged unlawful questioning of the Plaintiffs against their will concerning the subject shooting that occurred during the execution of the search warrant. The only difference is *Adjessom 2* contains additional Plaintiffs, additional named individual defendants, and an additional *Monell* claim against the City arising out of the detention, transport and questioning of the Plaintiffs.

## <u>LAW AND ARGUMENT</u>

### C. Consolidation

13. Rule 42 of the Federal Rules of Civil Procedure allows a court to consolidate cases when the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "It is not necessary that the common question of law or fact predominate, rather, courts look to whether (a) commonality exists, (b) whether consolidation would streamline litigation or be otherwise beneficial, and (c) whether undue prejudice would ensue." *Dyer v. M & M Asphalt Maintenance Inc.*, 2016 WL 1743141, at *1 (M.D. Fla. 2016) (citing *Habitat Educ. Center, Inc. v. Kimbell,* 250 F.R.D. 390, 394 (E.D. Wisc. 2008)).

14. *Adjessom 1* and *Adjessom 2* involve nearly identical factual allegations that form the basis of the claims asserted by Plaintiffs. As shown above, each and every factual claim concerns the execution of a search warrant on November 13, 2023 and the conduct of police officer employees following the shooting of Randall Adjessom. Thus, the witnesses and evidentiary materials at issue in both actions will completely overlap.

15. The consolidation of these two cases will therefore facilitate witness convenience minimize the cost of litigation and eliminate any potential confusion and possible inconsistencies that could arise if the two cases proceed separately through the discovery process.

16. For the sake of judicial economy and to avoid unnecessary delays and costs, this Court should grant this Motion to Consolidate these cases for purposes of discovery. The City Defendants reserve the right to object to the consolidation of these cases for trial.

**D. Discovery Should be Stayed in Both Actions**

17. Relatedly, because the discovery in *Adjessom 1* is stayed (*see* Doc. 98, Case 1:24-cv-00472-TFM-B) pending the outcome of the Individual Defendants' motion to dismiss, the City Defendants in *Adjessom 2* (many of which are defendants in *Adjessom 1*) submit that discovery in *Adjessom 2* should likewise be stayed pending the outcome of the immunity-based motion to dismiss.

18. Allowing discovery to proceed as to the claims in *Adjessom 2* calls for the Individual Defendants in *Adjessom 1* to incur the burden of litigation as undersigned counsel would be called upon to "participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to [these Defendants'] position." *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); s*ee also Miller v. Palm Beach Cnty. Sheriff's Office*, 129 F.4th 1329, 1333 (11th Cir. 2025) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (holding "qualified immunity

is 'an immunity from suit' that grants officials 'an entitlement not to . . . face the other burdens of litigation.'").

19. Moreover, the claims brought in *Adjessom 2* are so closely interrelated to the claims in *Adjessom 1* that permitting discovery as to the claims in *Adjessom 2* (while discovery is stayed in *Adjessom 1*) effectively permits discovery as to all defendants in both actions—even the defendants who have moved to dismiss the claims against them based on immunity grounds. For example, the SWAT Unit Defendants in *Adjessom 2* all moved for dismissal based on immunity in *Adjessom 1*. They are entitled to have their claim of immunity resolved before being subjected to the burdens and rigors of the discovery process.

20. Likewise, the Individual Defendants should not have to face inconsistent discovery plans—one that calls for discovery to be stayed on all claims in *Adjessom 1* and one calls for them to participate in discovery on the same facts and issues that are present in *Adjessom 2*. Permitting discovery to move forward on the claims in *Adjessom 2* creates a risk that certain defendants will be deposed twice—first regarding the alleged unlawful detention and transport of Plaintiffs and again concerning the claims in *Adjessom 1* arising out of the shooting death of Randall Adjessom.

21. Discovery on *Monell* claims in *Adjessom 2* will similarly pose a burden on the City that will outweigh any anticipated benefit especially since such discovery would be unnecessary if the Court ultimately finds the individual police officers did not commit an underlying constitutional violation. *Cole v. Morgan*, No. 3:10cv288/MCR/MD, 2010 WL 4038607, at *3 (N.D. Fla. Oct. 14, 2020) (holding that *Monell* discovery should be stayed until there was a finding of liability against the individual defendants).

22. Staying the Monell discovery will promote judicial economy because it will allow the Court and the parties to focus on the underlying issue in a Section 1983 claim—whether any

of the individual officers committed a constitutional violation—without having to address other unrelated events. The Court and the parties can also avoid all of the (potentially unnecessary) disputes that will arise along with Plaintiff's proposed *Monell* discovery, such as motions to compel and motions for protective orders. The opportunity to do so weighs heavily in favor of staying *Monell* discovery.

23. Because *Monell* liability cannot exist absent an underlying constitutional violation, such discovery may prove entirely unnecessary if no predicate violation is established; staying it pending a liability determination would conserve judicial and party resources while avoiding undue prejudice from the introduction of unrelated or irrelevant evidence.

24. This Court has previously ruled that granting a stay of discovery in *Adjessom 1* does not unfairly prejudice the Plaintiff.[11] For the sake of consistency and adhering to the ironclad principle that courts should stay discovery until the issue of qualified immunity is resolved, this Court should similarly stay discovery with respect to the claims asserted in *Adjessom 2*.

25. Undersigned counselors for the City Defendants conferred with counsel for Plaintiffs and Plaintiffs oppose the relief the City Defendants are seeking herein.

26. Undersigned counsel conferred with counsel for Officer Osviel Vigoa-Martinez, named defendant in *Adjessom 1*, who did not oppose consolidation of the two actions.

## **CONCLUSION**

For the foregoing reasons, the City Defendants submit there is good cause to consolidate *Akouvi Adjessom, individually, and on behalf of minor children J.YA. and J.S.A., Sokede Azogba, Christine Adjessom, and Jenice Adjessom v. City of Mobile, et al.*, Civil Action No. 1:25-cv-00455

---

[11] This Court reserved its ruling on the City's motion to stay *Monell* discovery pending the outcome of the Individual Defendants' motion to stay. (Doc. 98.)

("*Adjessom 2*") into and under *Akouvi Adjessom, as Administratrix of the Estate of Randall Adjessom, Deceased v. City of Mobile, et al.,* Civil Action No. 1:24-CV-00472-TFM-B ("*Adjessom 1*") for the limited purposes of discovery. The City Defendants further respectfully request that the Court stay the parties' Rule 26 obligations, including the entry of a Rule 16 Scheduling order for both actions until this Court has determined whether the individual officers have violated Randall Adjessom's or Plaintiffs' constitutional rights.

Respectfully submitted by,

*<u>/s/ Robert B. Reasonover</u>*
RAYMOND L. BELL, JR.
MARK L. REDDITT
J. MARSHALL GARDNER
ROBERT B. REASONOVER
*Attorneys for Defendants Nicholas Crepeau, Kenneth Gillespie, Blake Tillman, Steven Guidry, Christian Bryant, Jonathan Myers, Brian Rivers, Daryl Gipson, Philip Morris, Steven Laster, Oliver Simpson, Scott Hank, Brandy Battiste, and Alexandra Whitt.*

**<u>OF COUNSEL:</u>**
MAYNARD NEXSEN PC
11 North Water Street, Ste. 24290
Mobile, AL 36602
Telephone: 251.432.0001
Fax: 251.432.0007
Email: rbell@maynardnexsen.com
Email: mredditt@maynardnexsen.com
Email: mgardner@maynardnexsen.com
Email: rreasonover@maynardnexsen.com

*<u>/s/ Timothy A. Heisterhagen w/ permission</u>*
Ricardo Andrew Woods
Catherine Simon Spann
Taylor Barr Johnson
Timothy Alan Heisterhagen
BURR & FORMAN, LLP
11 N. Water Street
Suite 22200

Mobile, AL 36602
251-345-8224
rwoods@burr.com
Cspann@burr.com
tjohnson@burr.com
theisterhagen@burr.com
*Attorneys for Defendant City of Mobile*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 24, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing of the foregoing to all counsel of record.

*/s/ Robert B. Reasonover*
ROBERT B. REASONOVER